**22SL-AC28160**

Electronically Filed - St Louis County - November 10, 2022 - 02:40 PM

# IN THE ASSOCIATE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
## STATE OF MISSOURI

| | | |
|---|---|---|
| ROSE GREGORY, | ) | |
| | ) | Case No. _____ |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |
| QUIKTRIP CORPORATION d/b/a, | ) | |
| QUIKTRIP #670 | ) | |
| | ) | |
| SERVE AT: | ) | |
| C T CORPORATION SYSTEM | ) | |
| 120 S CENTRAL AVE | ) | |
| CLAYON, MO 63105 | ) | |
| | ) | |
| Defendant. | | |

## PETITION FOR DAMAGES

COMES NOW Plaintiff Rose Gregory, by and through undersigned counsel, and for her petition for damages, states as follows:

1. Plaintiff Rose Gregory is a resident of St. Louis County.

2. Defendant QuikTrip Corporation (herein after "QuikTrip"), is a foreign corporation registered with the Missouri Secretary of State with authority to file lawsuits and be sued.

3. Defendant QuikTrip elects to operate under a fictitious name known as QuikTrip #670 for its retail store located at 2105 N Hwy 67, Florissant, MO 63033.

4. Defendant, at all times herein, was acting through its agents, servants and employees.

5. In accordance with RSMo 508.010(4), venue is proper in St. Louis County, State of Missouri.

**EXHIBIT A**

6. That on September 2, 2019, Plaintiff was an invitee of QuikTrip #670 at one of its stores located at 2105 N Hwy 67, Florissant, MO 63033.

7. That on or about September 2, 2019, Defendant negligently operated its premises allowing a dangerous condition which was hidden to the public to exist on their premises.

8. Defendant QuikTrip, owns the property at this location.

9. Defendant QuikTrip is responsible for the maintenance and insurance of the building located at 2105 N Hwy 67, Florissant, MO 63033.

10. QuikTrip owns and operates a convenient store at that location wherein it promotes, encourages and engages in the sale of goods to the general public.

11. At the time of the incident, QuikTrip was open for business.

12. Defendant QuikTrip Corporation, as the property owner and manager, maintains the exclusive control over the maintenance, supervision and care of the premises.

13. Employees of Defendant, acting within their scope and course of employment, had or should have had prior knowledge of the dangerous condition.

14. On September 2, 2019, Plaintiff had entered the side door to get a beverage and to use the ATM inside the facility.

15. Upon entering, Plaintiff slipped and fell on the wet floor and landed in a puddle of water.

16. Plaintiff states there were no warning signs on the floor.

17. Plaintiff was also not warned of the water being present by any employees at this location.

18. Defendant is aware that water can develop for various reasons on the floor where Plaintiff fell, and they are to ensure the floor is maintained and clean with appropriate warning signs where the floor is wet.

19. Defendant has a duty to prevent puddles of water from accumulating so as to protect people as said Plaintiff.

20. Defendant has a duty to keep the premises safe for Plaintiff.

**GENERAL ALLEGATIONS AND NEGLIGENCE**

21. Plaintiff re-incorporates and re-alleges Paragraphs 1-20 as if fully set-out herein.

22. Defendant, by using ordinary care, knew or should have known the area upon which Plaintiff slipped was dangerous and not reasonably safe as a result of the presence of the water.

23. Defendant negligently failed to remove and/or properly treat the dangerous condition.

24. Defendant negligently failed to recognize, remedy, barricade or warn of such dangerous conditions.

25. Defendant negligently failed to properly train its employees to recognize, remedy, barricade or warn of such dangerous conditions.

26. Defendant negligently failed to properly supervise its employees to recognize, remedy, barricade or warn of such dangerous conditions.

27. Defendant negligently failed to implement proper and adequate policies and/or procedures for employees to recognize, remedy, barricade or warn of such dangerous conditions.

28.     Defendants, by using reasonable care, knew or should have known that a dangerous condition existed which posed an unreasonable risk.

29.     As direct and proximate result of Defendant's negligence mentioned above, Defendant caused or contributed to cause Plaintiff to suffer the following injuries which are permanent and continuing in nature:

    a.  Severe injury to back and neck;

    b.  Pain and suffering;

    c.  Emotional anguish and distress;

    d.  Anxiety;

    e.  Loss of enjoyment of life;

    f.  Loss of use;

    g.  Loss of sleep;

    h.  Embarrassment;

    i.  Inconvenience;

    j.  Future medical costs and treatment; and,

    k.  Future injury, treatment, pain, and suffering.

30.     As a direct and proximate result of Defendants' negligence, Plaintiff has sustained damages in excess of $25,000 and is reasonably certain to sustain additional expense and loss in the future on account of medical treatment, plain, and suffering.

**WHEREFORE**, Plaintiff prays that this Court enter Judgment in his favor, along with prejudgment interest against the Defendants in an amount that is fair and reasonable, and in excess of $25,000, and for her costs in this action.

Respectfully Submitted,

FINNEY INJURY LAW

***/s/ Alexander L. Ledbetter***
Christopher J. Finney, #62888
Alexander Ledbetter, #70194
1600 S. Brentwood Blvd., Suite 220
St. Louis, Missouri 63144
Phone: 314.293.4222
Fax: 314.754.9477
chris@finneyinjurylaw.com
*Attorneys for Plaintiff*