UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROSE GREGORY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-CV-00096-AGF |
| ) | |
| QUIKTRIP CORPORATION d/b/a ) | |
| QUIKTRIP #670, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Rose Gregory's motion for leave to amend her complaint (Doc. No. 11) and motion to remand. (Doc. No. 9). Plaintiff seeks to add an additional Defendant, Krista Lucas, whom Plaintiff claims was the store manager whose negligence contributed to her injury. The additional defendant resides in Missouri, as such, her joinder would destroy diversity jurisdiction. Defendant, QuikTrip Corporation d/b/a QuikTrip #670 ("QuikTrip") opposes the amendment on the grounds that the sole purpose of the amendment is so Plaintiff can escape federal jurisdiction. (Doc. No. 15). For the reasons set forth below, Plaintiff's motion for leave to amend his complaint will be denied, as such, her accompanying motion to remand will be denied.

## BACKGROUND

This case arises out of an incident that occurred on or about September 2, 2019, at a QuikTrip convenience store in St. Louis, Missouri. Plaintiff Rose Gregory entered the side

door of the store to get a beverage and use the ATM inside, and upon entering slipped and fell on the wet floor and landed in a puddle of water. Plaintiff claims there were no warning signs on the floor, nor was she warned of the water by any employees. As a result of the fall, Plaintiff suffered several permanent and persistent injuries including severe injury to her back and neck.

Plaintiff initially filed this personal injury action on November 10, 2022[1], in the Circuit Court of the County of St. Louis. Plaintiff asserted claims of negligence against QuikTrip as the sole defendant. Doc. No. 1-3. On January 27, 2023, QuikTrip timely removed this action to federal court on the basis of diversity jurisdiction.[2] Doc. No. 1. On February 24, 2023, Plaintiff filed a motion for leave to amend her complaint to add Krista Lucas, a Missouri citizen, as a defendant, and simultaneously filed a motion to remand for lack of diversity jurisdiction. Doc. Nos. 9-12.

## ARGUMENT OF THE PARTIES

Plaintiff seeks to amend her complaint in order to add Krista Lucas as a defendant. Plaintiff alleges that she acquired information from a witness, Leslie Thomas, who was present during the slip and fall. Thomas informed Plaintiff that immediately preceding the fall, there was an employee "mopping and slopping water all over the floor which caused

---

[1] Plaintiff's motions claim that the state court petition was filed on September 30, 2021, but the record indicates that the complaint was filed in state court on November 10, 2022. Doc. No. 1-3; Doc. No. 1-4 at 2.

[2] Plaintiff is a citizen of Missouri and QuikTrip is an Oklahoma corporation with its principal place of business in Oklahoma, and amount in controversy exceeds $75,000. As such, there is federal diversity jurisdiction. 28 U.S.C. § 1332.

Plaintiff's fall." Thomas stated that there was no wet floor sign prior to the fall, but afterward she witnessed an employee put a "wet floor" sign out. Thomas also stated that a QuikTrip employee, possibly a manager, took photos of Plaintiff on the floor and area around her after she had fallen. Plaintiff alleges that this employee, acting within the scope and course of her employment, had or should have had knowledge of the dangerous condition that resulted in Plaintiff's injury. As such, Plaintiff seeks leave to amend her complaint to include a claim of negligence against Krista Lucas, the manager at QuikTrip Store #670. The amended complaint identifies Lucas as a resident of Missouri.

Plaintiff argues that under Rule 15(a)(1), she is permitted to amend her pleadings as a matter of course and moreover, Rule 15(a)(2) states that "the court should freely give leave when justice so requires." Doc. No. 10 at 3. Plaintiff argues that since this is Plaintiff's first attempt to amend, leave to amend is proper. Plaintiff then argues that because Krista Lucas is a citizen of Missouri, there is no diversity jurisdiction, and remand is required.

QuikTrip first notes that Plaintiff cannot amend her complaint as a matter of course under Rule 15(a)(1) because the amendment was not made within the prescribed 21-day period set forth in Rule 15. QuikTrip then argues that leave to amend should not be granted because Plaintiff's only purpose in seeking leave to amend is to evade federal jurisdiction. Plaintiff argues that Lucas is not a necessary or indispensable party pursuant to Rule 19 because Plaintiff can obtain complete relief from QuikTrip alone as Lucas' employer, and any judgment rendered against QuikTrip in Lucas' absence would be fully adequate.

QuikTrip also argues that the *Bailey* factors—purpose of joinder, dilatory motive, and prejudice to plaintiff—weigh heavily against the joinder of Lucas. QuikTrip argues that Plaintiff is clearly attempting to add Lucas solely to defeat this Court's jurisdiction as Plaintiff offers no explanation as to why Lucas was not named in the original complaint even though the alleged incident occurred nearly four years ago, or why Plaintiff is just now learning of Lucas' identity. QuikTrip also argues that Plaintiff will not be prejudiced in any way because Plaintiff can fully recover against QuikTrip, even if Lucas was negligent, under the doctrine of *respondeat superior*. QuikTrip also argues that Plaintiff has not alleged any facts which would give rise to an independent duty or basis of liability of Lucas for this incident beyond that which would arise from her status as an employee. Further, QuikTrip argues, based on the allegations in the amended complaint, QuikTrip and Lucas would be joint tortfeasors, and "it has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *See Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990). Plaintiff did not file a reply.

## **DISCUSSION**

Rule 15(a)(1) of the Federal Rules of Civil Procedure states that a party may amend its pleading once as a matter of course within 21 days of serving the pleading, or if the pleading is one to which a responsive pleading is required, 21 days after the service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and advises that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). When an action is removed from state court to federal court, and "after removal the plaintiff seeks to

join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the state court." 28 U.S.C. § 1447(e).

If the potential defendant is determined to be a necessary and indispensable party under Rule 19, "the district court must either permit joinder and grant remand under § 1447(e), or dismiss the action pursuant to Rule 19(b)." *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 308 (8th Cir. 2009). "Only when the potential defendant is deemed dispensable may the district court deny joinder and retain jurisdiction over the case." *Id.*

"Permission to amend may be withheld if the plaintiff . . . is guilty of undue delay, bad faith, dilatory motive, or if permission to amend would unduly prejudice the opposing party." *Id.* at 307 (8th Cir. 2009) (citing *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 224 (8th Cir.1994)). When faced with an amended pleading naming a new nondiverse defendant in a removed case, the district court "should scrutinize that amendment more closely than an ordinary amendment." *Bailey.* 563 F.3d at 309. "In this situation, justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interest of not having parallel lawsuits." *Id.*

The factors prescribed by the *Bailey* court are: (1) the extent to which the joinder of the nondiverse party is sought to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for the amendment, and (3) whether plaintiff will be significantly injured if amendment is not allowed. *Id.* (citation omitted).

**Leave to Amend**

As an initial matter, Plaintiff is incorrect in that she may amend its complaint as a matter of course.  Defendant filed its answer on January 27, 2023, and Plaintiff did not file her amended complaint until February 24, 2023, thus Plaintiff's amendment was not within the 21-day period prescribed by Rule 15(a)(1).  Fed. R. Civ. P. 15(a)(1).  As such, she must seek the Court's leave in order to amend her complaint.  Fed. R. Civ. P. 15(a)(2).

**Necessary and Indispensable Party**

"The determination of whether or not a person is an indispensable party is one which must be made on a case-by-case basis and is dependent upon the facts and circumstances of each case." *Helzberg's Diamond Shops, Inc. v. Valley West Des Moines Shopping Center, Inc.*, 564 F.2d 816, 819 (8th Cir. 1977) (citations omitted).  The factors to consider when determining whether a party is indispensable include:

- (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

- (2)  the extent to which any prejudice could be lessened or avoided by:

   - (A) protective provisions in the judgment;

   - (B) shaping the relief; or

   - (C) other measures;

- (3) whether a judgment rendered in the person's absence would be adequate; and

- (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

We find that none of these factors mandate the joinder of Krista Lucas, nor does Plaintiff argue that Lucas is an indispensable party. Plaintiff's amended complaint specifically alleges that Lucas, within the scope and course of her employment, had or should have had prior knowledge of the dangerous condition, and both QuikTrip and Lucas were negligent in their operation and management of the premises. Doc. No. 13, Am. Compl., at ¶¶ 13-14. As such, the Court finds that Lucas is a joint tortfeasor, and "[i]t has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990) (citations omitted). Even if Lucas was negligent in the scope of her employment, Plaintiff can obtain complete relief from QuikTrip alone, as Lucas' employer, under the theory of *respondeat superior*. As such, Lucas is a permissive party, and the Court may now determine whether to permit her joinder in light of the *Bailey* factors.

### *Bailey* Factors

In determining whether the purpose of the joinder is solely to defeat jurisdiction, courts have considered whether the party previously knew the identity of the joined defendant and whether the party informed the court that joinder would defeat federal jurisdiction. *See Bailey,* 563 F.3d. at 309; *see Myers v. Queen*, No. 4:11-CV-1273 (CEJ), 2013 WL 5671340, at *2 (E.D. Mo. Oct. 17, 2013) (citing cases). Plaintiff makes no effort to explain why Lucas was not named in the original complaint nor when she discovered Lucas' identity. Plaintiff merely states, "[a]fter the fall, Plaintiff acquired information from an independent witness who was present at QuikTrip #670 at the time of the fall." Doc. No. 10 at 2. The fall occurred over 3 years ago, as such it is unlikely this information was

discovered only after the case was removed. *See Starks v. Standard Fire Ins. Co.*, No. 4:22-CV-00752-SEP, 2022 WL 17177336, at *2 (E.D. Mo. Nov. 23, 2022) (finding that the purpose of joinder was to defeat jurisdiction when the plaintiff offered no plausible alternative explanation for the timing of the proposed joinder.)

Courts have also considered the timing of a plaintiff's motion for leave to amend with respect to removal. *See Lindsey v. Dow Chem. Co.*, No. 4:21-CV-374 CDP, 2021 WL 4940934, at *4 (E.D. Mo. Oct. 22, 2021) (finding that plaintiff's motion to amend, filed two weeks after removal, and his related motion to remand, filed two weeks after his motion to amend, support the inference that he is seeking to add the non-diverse defendant in order to defeat federal jurisdiction); *Shelton v. Atkins*, No. 4:20-CV-198 HEA, 2020 WL 3605555, at *3 (E.D. Mo. July 2, 2020) ("[T]he timing of the amendment so soon after removal indicated improper delay."); *Klotz v. Lowe's Home Ctrs., LLC*, No. 4:17-CV-282 (CEJ), 2017 WL 1426022, at *2 (E.D. Mo. Apr. 21, 2017) ("[O]n the day [plaintiff] filed the amended complaint, plaintiff filed a motion to remand the case to state court, based on lack of complete diversity. The timing and sequence of plaintiff's actions and reasonable inferences therefrom suggest that plaintiff seeks joinder merely to defeat the Court's jurisdiction.").

Here, Plaintiff filed her motion for remand and motion for leave to amend on the same day, less than one month after this matter was removed. Additionally, Plaintiff's memorandum of law in support is identical for both her motion for leave to amend and her motion to remand. This timing strongly indicates that the purpose of Plaintiff's amendment is solely to defeat federal jurisdiction.

Further, Plaintiff will not be prejudiced if the Court denies her leave to amend. As discussed above, Plaintiff has not alleged any facts which would give rise to an independent duty of Lucas beyond that which would arise from her status as an employee, thus Plaintiff can obtain complete relief for her injuries from QuikTrip alone.

In light of these factors, the Court finds Plaintiff's motive in seeking to join Krista Lucas is merely to defeat federal jurisdiction and the denial of her joinder will not prejudice Plaintiff. As such the Court will deny Plaintiff's leave to amend.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint is **DENIED**. (Doc. No. 11). Plaintiff's Amended Complaint was incorrectly lodged on the docket (Doc. No. 13), as such the Clerk of Court is directed to amend the docket entry to reflect that it was a Proposed Amended Complaint.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand is **DENIED**. (Doc. No. 9).

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 20th day of April, 2023.